Thomas Prendegast, Administrator, etc., Appellant, *v.* The New York Central and Hudson River Railroad Company, Respondent.

This action was brought to recover damages for the alleged negligence of defendant, occasioning the death of plaintiff's intestate, James Prendegast.

The deceased was an infant, about two years of age. He lived with his parents, who occupied premises adjoining lands owned by defendant and used for the purpose of storing cars and making up trains. Upon the day of his death, the child was in the care of his mother, at home. It was a cold day. She was engaged in washing and James was playing about the room. Having occasion to empty her wash-tub, she opened the outer door, carried the tub out about ten feet from the door, which she left open, and poured out the water. Upon her return she found the child absent. She looked about the house for him and then went to the door and saw him lying upon one of the tracks upon defendant's premises, under an engine. The evidence was that the child had never been known to go out alone on to the railroad track, and that in cold weather he had never shown any disposition to run out of doors. He had been out that spring on to the track with an older sister. The fence between defendant's premises and those occupied by plaintiff was defective. Other children were playing upon defendant's premises. The facts upon which the claim of negligence upon the part of defendant (aside from the defective fence) was based, were, that no bell was rung or whistle sounded upon the engine; that there was but one man upon the engine controlling it, and he a fireman. It was not denied but that he was competent to run the engine, but it was claimed that there should have been two men, so that one could have looked out upon each side, and thus one of them would have seen the boy. The fireman did not see him; he was, at the time of the accident, at the side of the engine opposite plaintiff's house to catch the signal of the switch-tender. At the close of the evidence, defend-

ant's counsel moved for a nonsuit on the ground that the evidence disclosed no negligence on its part, and that there was contributory negligence. The motion was denied. Defendant's counsel asked the court to charge that only nominal damages could be recovered in any case. This the court refused to do. *Held*, that a child of such tender age was clearly *non sui juris*, and his conduct therefore presented no bar to a recovery (*Ihl* v. *Forty-second St. R. R. Co.*, 47 N. Y., 317); that the conduct of the mother was not, under the circumstances, negligence as matter of law, but the question of negligence was proper for the jury (*Mangam* v. *Brooklyn R. R. Co.*, 38 N. Y., 455); but that the evidence failed to show negligence on the part of defendant; that the statute in reference to ringing bells (§ 7, chap. 282, Laws of 1854) only required this duty at crossings and so did not affect this case; that the statute requiring railroad companies to fence (sec. 8) only required it when needful to prevent animals from straying upon the track, and that need was not shown in this case; that the child, although not chargeable with negligence, yet had no right upon the track, and defendant was chargeable with no duty as to him and was not bound to anticipate his presence upon the track or to provide for the contingency; and, in fine, that defendant was using premises, exclusively its, for the lawful and ordinary purposes of its business in the ordinary way, with men enough to do all that the business required; and that no one, as far as this case shows, had a right to complain that it had no more. Also, *held*, that it was no error for the court to refuse to charge that plaintiff was only entitled to nominal damages. (*Ihl* v. *Forty-second St. R. R. Co., supra.*)

*John C. Strong* for the appellant.

*A. P. Laning* for the respondent.

Folger, J., reads for affirmance and judgment absolute against plaintiff.

All concur.

Order affirmed and judgment accordingly.