JOHN McGARRY, by Guardian, etc., Respondent, *v.* JOHN S. Loomis et al., Appellants.

In an action to recover damages for injuries to a child *non sui juris*, occasioned by the negligence of defendant, negligence upon the part of the parents is no defence where it appears that the child has not committed or omitted any act which would constitute contributory negligence in a person of years of discretion. Negligence can only be imputed to the child through the parents, but when the child has done no negligent act the conduct of the parents is immaterial.

Such a child has a right to be on the sidewalk in a city, and the fact of its playing when there does not constitute contributory negligence which will defeat a recovery.

(Argued October 4, 1875; decided November 9, 1875.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department affirming a judgment in favor of plaintiff entered upon a verdict, and affirming an order denying a motion for a new trial.

This action was brought to recover damages for injuries to plaintiff, alleged to have been occasioned by defendants' negligence. Defendants were carrying on a planing mill in the city of Brooklyn. They used a steam engine, from which waste hot water and steam were conducted by a pipe under the sidewalk to a hole inside the curbstone, which contained hot water and steam coming from the pipe. Plaintiff, a child a little over four years of age, who lived with his parents on the street, went out upon the sidewalk, fell into the hole, and was severely scalded.

On the trial defendants' counsel moved to dismiss the complaint on the ground of contributory negligence on the part of plaintiff or the parents, which motion was denied, and defendants' counsel excepted.

The court charged, among other things, that plaintiff had a right to be on the sidewalk, and had a right to be at play there. Defendants' counsel excepted to the latter portion, *i. e.*, that he had a right to be at play there.

Said counsel requested the court to charge, " that if the child had not sufficient discretion to see the danger from the hot water by reason of its tender age, then it was negligence on the part of the parents to allow the child to be at this place unattended by a sufficient attendant to protect it from danger." The court refused so to charge, and said counsel duly excepted.

*D. P. Barnard* for the appellants. Defendants are not liable because of the negligence of the plaintiff. (*Hartfield* v. *Roper*, 21 Wend., 615; *Honegsbeyer* v. *Second Ave. R. R.*

Sickels—Vol. XVIII.     14

*Co.*, 33 How. Pr., 193; *Burke* v. *B'way and Seventh Ave. R. R. Co.*, 49 Barb., 529.) The negligence of plaintiff's parents is a defence to this action. (*Hartfield* v. *Roper*, 21 Wend., 615; *Ihl* v. *Forty-second St. R. R. Co.*, 47 N. Y., 317.) The court erred in charging that plaintiff had a right to be at play upon defendants' sidewalk. (*McCarthy* v. *City of Syracuse,* 46 N. Y., 194.)

*Homer A. Nelson* for the respondent. Plaintiff was *non sui juris,* and incapable of forfeiting, by his own negligence, his rights to damages for injuries received through the negligence of others. (*Mangam* v. *Brooklyn R. R. Co.*, 38 N. Y., 461; *O'Mara* v. *H. R. Co.*, id., 449; *Ihl* v. *Forty-second St. R. R. Co.*, 47 id., 324.) There was no negligence on the part of plaintiff or of his parents. (*Mangam* v. *Brooklyn R. R. Co.*, 38 N. Y., 461.) Defendants were guilty of gross negligence. (*Oldfield* v. *N. Y. and H. R. R. Co.*, 14 N. Y., 310, 314; *Mangam* v. *Brooklyn R. R. Co.*, 38 id., 460.) Plaintiff could recover in this action, although a trespasser. (*Lynch* v. *Murdin,* 1 Ad. & E. [N. S.], 29; *Bird* v. *Holbrook,* 4 Bing., 628.)

Church, Ch. J. The question of the defendants' negligence in carrying a steam pipe from their factory under the sidewalk, and discharging the same so as to cause a pool of hot water on and adjacent to the walk, in which the plaintiff was found injured, was properly submitted to the jury, and no exception was taken to the charge on that subject. The defendants' counsel requested the court to charge, that if the child had not sufficient discretion to see the danger from the hot water by reason of its tender age, then it was negligence on the part of the parents to allow the child to be at this place unattended by a sufficient attendant to protect it from danger. The plaintiff was about four years of age, and, according to the authorities, must be regarded as *non sui juris.* (21 Wend., 615; 38 N. Y., 461, 449; 47 id., 317.) The request was properly overruled. It does not claim that

it was negligence *per se* to allow a child four years old to be on the sidewalk, and if it did, such a claim could not be maintained as matter of law ; but it seeks to predicate negligence of the parents on the inability of the child to discover the danger from the hot water. If the latter was caused by the negligence of the defendants, as the jury have found, it constituted an obstruction to free passage upon the sidewalk, which the parents were not required to anticipate or guard against. If the child was in a lawful place, the parents were not negligent in omitting to protect it against the wrongful act of the defendants. But the negligence of the parents in this case was not a question. The case was submitted to the jury upon the negligence of the child, and the jury were instructed that if the latter was negligent in getting into the water, he could not recover. If a child, though *non sui juris*, has not committed or omitted an act which would constitute contributory negligence in a person of years of discretion, an injury by the negligence of another cannot be defended upon the alleged negligence of the parents. (47 N. Y., 317.) The child being in a lawful place, and exercising what would be regarded as ordinary care in an adult, is entitled to recover for an injury occasioned by the wrongful act of another, irrespective of the conduct of the parents. It is in cases where the child has done or omitted something which would be regarded in an adult as negligent, that the conduct of the parents, in respect to the degree of care exercised over the child, becomes material, and the reason is that negligence cannot be imputed to the child except through the parents; but when the child has done no negligent act, the conduct of the parents may be regarded as too remote. *Hartfield* v. *Roper* (21 Wend., 615) was an instance where the negligence of the parents was material, because the child was injured while sitting in the traveled track of a public highway. Here, as we have seen, the child was in a lawful place, and the question of its negligence was deemed necessary by the court to its recovery. If an act could have been imputed to the child, which in an older person might have con-

stituted negligence, a recovery could still have been had if the parents had been free from negligence, but the latter alternative was not reached and not considered, which was a benefit rather than an injury to the defendants.

A point is made upon an exception to the remark of the judge, that the child had the right to play on the sidewalk. This language was used in connection with the remark that the child had a right to be on the sidewalk, and the whole force of the remark as to the right to play was, that being on the sidewalk, the fact of playing there would not constitute contributory negligence, so as to defeat a recovery. If it did not mean this, it had no relevancy to the case, and was not, for that reason, error. There was no occasion for a charge as to the legal right of children to play on the sidewalk, to the exclusion of or interference with persons passing and repassing, nor was any such idea intended. That it is not unlawful, wrongful or negligent for children on the sidewalk to play, is a proposition which is too plain for comment. The amount of the recovery is not reviewable in this court.

The judgment must be affirmed with costs.

All concur.

Judgment affirmed.