(54 App. Div. 29.)

### KENNEDY v. HILLS BROS. CO.

(Supreme Court, Appellate Division, Second Department. October 5, 1900.)

CONTRIBUTORY NEGLIGENCE—CHILD PLAYING IN STREET—IMPUTED NEGLIGENCE OF PARENT.

A ruling that there could be no recovery for the killing of a child by a passing wagon while playing in a street of a city, because the child was permitted by his mother to go upon the street with a sister 8 years old, and there was no evidence of the care exercised by the sister, was erroneous, since both children are presumed, in the absence of evidence, to have been non sui juris, and not chargeable with negligence; and, if it were otherwise, neither the mother nor older sister can be held negligent, as a matter of law, in permitting the child to go upon the street.

Appeal from trial term, Kings county.

Action by James Kennedy, administrator, against the Hills Bros. Company. From a judgment entered upon an order dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Isaac M. Kapper, for appellant.

J. McG. Goodale (Wm. C. Wallace, on the brief), for respondent.

GOODRICH, P. J. About 6 o'clock in the afternoon of June 30, 1899, James Kennedy, a boy nearly 3 years of age, was run over and killed by the wagon of the defendant, in Henry street, Brooklyn, about 50 feet south of De Graw street, where there is a slightly ascending grade. The street is paved with asphalt from curb to curb. The wagon was a fruit truck, and was drawn by a pair of horses. It was in the center of Henry street while crossing De Graw, and was going at a "fair trot." The driver was holding a slack line, and did not pick up the lines, or do anything to stop the team, before the child was struck. The child had been playing on the sidewalk with other children, and walked out or ran out into the street, about 30 feet ahead of the team. When he had gone half way across the street, he stopped, as if bewildered, was struck by one of the horses, knocked down, and run over. There was also evidence that the driver swung the team away from the child, towards the right-hand curb, and was four or five feet from it at the time of the accident. The driver stopped his team eight feet beyond the accident, left the wagon, picked up the child, and took him to his mother. It appeared that the child had been permitted by his mother to go out on the street with his sister, who was about 8 years of age. There was no evidence of any kind as to the care which the older sister exercised in regard to the deceased. The court, at the close of the plaintiff's evidence, granted a nonsuit, saying:

"The proof here is that this child was sent into the street with another person of age sui juris. There is no proof here that that other person was free from negligence, and, that having to be affirmatively shown by the plaintiff, and not being shown, there is no cause of action made out."

The plaintiff asked to go to the jury on the questions involved in the case, and excepted to the refusal to permit him to do so. We think the nonsuit was error.

In Birkett v. Ice Co., 110 N. Y. 504, 18 N. E. 108, a child $4\frac{1}{2}$ years old was permitted to go upon the sidewalk with her 6 year old brother, and in play ran into the street, where she was run over by an ice wagon. The court said (page 507, 110 N. Y., and page 109, 18 N. E.):

"It was not unlawful for the child to be in the street, nor even for her to play upon the sidewalk. It cannot be said that it was, as matter of law, under the circumstances proved, negligence for the parents to permit her to go onto the sidewalk to play; and whether it was or not was a question for the determination of the jury. Oldfield v. Railroad Co., 14 N. Y. 310; Ihl v. Railroad Co., 47 N. Y. 317; McGarry v. Loomis, 63 N. Y. 104. Hundreds of young children are permitted, with general safety, and must be permitted, in cities, to amuse themselves upon sidewalks, and they cannot always be attended by persons of discretion. The highest prudence would doubtless require that they should be so guarded; but it cannot be said, as matter of law, that ordinary prudence forbids that a bright child four and one-half years old, properly instructed and cautioned, should go unattended onto a sidewalk for diversion."

It should be observed that in the Birkett Case there was evidence that the child had been properly instructed and cautioned, but in Huerzeler v. Railroad Co., 139 N. Y. 490, 34 N. E. 1101, where a child

of 5 years was killed by a car of the defendant, there was no evidence upon the question of the care of the parents, and the court said (page 494, 139 N. Y., and page 1101, 34 N. E.):

"It was not negligence, as matter of law, for the mother of this child to permit her to be in the street, and so we have several·times held. McGarry v. Loomis, 63 N. Y. 104; Kunz v. City of Troy, 104 N. Y. 344, 10 N. E. 442; Birkett v. Ice Co., 110 N. Y. 504, 18 N. E. 108."

In the Birkett Case, at general term (41 Hun, 404), the court said (pages 405, 406):

"The most serious question is the contributory negligence of the deceased. Being non sui juris, she could not be charged with personal negligence, though the negligence of the parents in suffering her to be in a place of danger would be imputed to her. To have such neligence defeat the action, the child itself must be guilty of what would be negligence in an older person. Both these elements must exist, and so the trial judge correctly charged. McGarry v. Loomis, 63 N. Y. 107."

Under these authorities, we think it was error to hold, as matter of law, that either the child or its parent was guilty of contributory negligence. It is true that the accident did not happen on a cross walk, but the child had the right to be playing in the street, and, being non sui juris, cannot be charged with its own negligence to defeat the action. Neither does it make any difference that there was no proof as to the conduct of the older sister, for, on the authorities cited, it was not negligence per se on the part of the parent to permit the child to go unattended upon the public street; and the fact that the deceased was sent out in the care of the older sister does not require any proof of any care upon her part. This is all the more true as presumably a child of 8 years is not sui juris Many cases can be found where this is held. If no proof is offered, the presumption is that a child 6 or 8 years of age is not sui juris. And, if the sister was not sui juris, her negligence could not be imputed to the deceased.

While the court did not base the nonsuit upon the absence of proof of negligence of the defendant's driver, it is proper to say that the fact that he was driving with a loose rein, at a fair trot, and could have seen the child at least 30 feet ahead of his team, and that there is no evidence that he made any attempt to stop his horses in time to avoid the child, would prevent the court from holding, as matter of law, that the driver was not negligent. We think, therefore, that the judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.