## GOLDBERG v. GRAHAM.

(Supreme Court, Appellate Division, Second Department.   October 27, 1911.)

1. NEGLIGENCE (§ 136*)—OWNER OF PREMISES—UNGUARDED EXCAVATIONS—QUESTION FOR JURY.

Whether an owner, maintaining an unguarded excavation on the building line open to the street, in violation of a city ordinance requiring the guarding of excavations, was guilty of actionable negligence to a child falling into the excavation, *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 136.*]

2. NEGLIGENCE (§ 136*)—CHILDREN—NEGLIGENCE OF PARENT.

It is not negligence as a matter of law for a parent to permit children to be on the streets and sidewalks of cities without warning them of dangers.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 352; Dec. Dig. § 136.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. NEGLIGENCE (§ 136*)—INJURIES TO CHILDREN—NEGLIGENCE OF PARENT—
QUESTION FOR JURY.

Whether a parent, who permitted his child six years old to be on the streets and sidewalks of a city without warning him of an excavation in the neighborhood, was guilty of negligence, so as to preclude a recovery by the child for injuries by falling into the excavation, *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 136.*]

Appeal from Trial Term, Kings County.

Action by Michael Goldberg, by Samuel Goldberg, his guardian ad litem, against James Graham. From a judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Alfred D. Lind, for appellant.
Richard Krause, for respondent.

WOODWARD, J. The infant plaintiff in this action fell into an unguarded building excavation on Coney Island avenue, borough of Brooklyn, in November, 1907, being at that time about six years of age, and sustained injuries for which he seeks to hold the defendant, as the owner of the premises, liable.

[1] Section 22, c. 15, of the Code of Ordinances of the City of New York, part 5, provides that:

"All excavations for buildings shall be properly guarded and protected, so as to prevent the same from becoming dangerous to life or limb."

The evidence in this case shows that the excavation where the plaintiff was injured had been dug some four years before the accident, and had remained unguarded during that time; that the excavation was upon the building line, open to the street, and about four inches below the sidewalk level, so that it was open to the very danger which the ordinance was intended to guard against; and there was clearly a question for the jury as to the defendant's negligence. This was held by the learned trial justice; but the complaint was dismissed upon the ground that the plaintiff's father had failed to warn him of the danger of falling into this particular excavation, which was three houses removed from the plaintiff's home. On defendant's motion to dismiss, the learned trial justice stated that:

"While it is true that it is not necessarily negligence to let a child go out in the street, if there is no other place for him to play, * * * it ought to appear at least that the child had been enjoined against playing in this dangerous place, and it does not appear that any such injunction had been ever laid upon him; and, if not, I am disposed to say that the case fails in the proof of absence of negligence on the part of the father, who would seem to have neglected the patent duty to enjoin the child when he went into the street to keep away from this dangerous place."

And it appears from the record that it was upon this theory that the complaint was dismissed.

---

[2] And here we find the learned trial justice asserting his own conception of parental duty, and determining a question of fact, as one of law, when obviously intelligent and well-disposed men might differ upon the question. It has been held so many times that it is useless to cite authorities that it is not negligence, as a matter of law, to permit children to be upon the streets and sidewalks of cities; and this has been asserted even of children younger than the plaintiff. McGarry v. Loomis, 63 N. Y. 104, 107, 20 Am. Rep. 510. If it is not a question of law, then it follows that it is a question of fact, to be determined by all of the facts and circumstances of the particular case; and when facts and circumstances enter into the determination, it is for the jury to consider them, not for the court. To say, as a matter of law, that it is the duty of a parent, every time a child goes out upon the street, to go over each dangerous situation—each likely source of danger—and to warn the child against such danger, or even that it is the parental duty to give such warning of dangerous places at any time, is to exact a degree of care entirely inconsistent with the complex society in which we live, and it is not the law.

[3] This particular excavation had been there for four years. This child had been in the habit of playing in the street for a year or more, and no accident had resulted to him, though he may have been in the presence of hundreds of situations equally or more dangerous, and the jury might have found that the child, who appeared and testified, was capable of taking care of himself under ordinary circumstances, and that it was not negligent in the parents to permit him to play upon the street without a special warning as to this particular danger. The fair question to be determined is, not as to a particular danger, after the accident has happened, but whether, under all of the facts and circumstances, the conduct of the parents constituted reasonable care.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.