FRANK MEYER, as Administrator, etc., of ROBERT MEYER, Deceased, Respondent, *v.* THOMAS INGUAGGIATO and Others, Appellants.

Second Department, January 2, 1940.

*George J. Stacy* [*James J. Mahoney* with him on the brief], for the appellants.

*Louis Baron,* for the respondent.

HAGARTY, J.   On the 16th day of August, 1937, a truck, owned by the appellants Thomas and John Inguaggiato, and operated by the appellant Anthony Ucci, struck and killed respondent's intestate, a boy of the age of three years and seven months.

Although appellants argue to the contrary, a question of fact was presented for consideration by the jury as to the manner of the happening of the accident and the alleged negligence of the operator of the truck.   No error was committed by the learned trial justice in his charge, and the verdict is not excessive.

The appellants contend, *inter alia,* that error was committed in striking from the answer so much thereof as pleaded the contributory negligence of the child on the ground that he was *non sui juris*

as a matter of law and, therefore, that his negligence, if any, did not bar recovery. In the light of the provisions of section 73 of the Domestic Relations Law (added by Laws of 1935, chap. 796), the practical effect of this holding was to rest the right to recover solely upon the determination of negligence on the part of the driver of the truck, removing the element of contributory negligence from the cause of action. This section reads:

" § 73. Negligence of parent or other custodian not imputed to infant. In an action brought by an infant to recover damages for personal injury the contributory negligence of the infant's parent or other custodian shall not be imputed to the infant."

Prior to this enactment, the negligence of those having the care of an infant who was *non sui juris* was imputed to the infant. As Judge MASON states in *Mangam* v. *Brooklyn R. R. Co.* (38 N. Y. 455, 460), in such case the child " is constructively chargeable with the negligence of its legal custodian." The Legislature, however, has seen fit to relieve the child of the burden of its custodian's negligence. The statute is applicable even though this action is one for the wrongful death of the infant. Section 130 of the Decedent Estate Law provides that the representative of a decedent's estate may maintain an action to recover damages for a wrongful act, neglect or default against a defendant who " would have been liable to an action in favor of the decedent by reason thereof if death had not ensued." In *Kwiatkowski* v. *Lowry, Inc.* (276 N. Y. 126, 129), Chief Judge CRANE writes: " If the deceased in his lifetime had a cause of action for negligence and could have recovered thereon, the executor or administrator of the estate may maintain an action for the negligence causing his death."

In view of the statutory restriction of the issues in such a negligence action now obtaining, the appellants urge that the statute " places the infants on their own feet, and in the interest of fairness and justice, inquiry into their conduct should all the more be required." Undoubtedly, where a question of fact exists as to the ability of a child to exercise discretion and judgment, the determination should rest with the jury. But section 73 of the Domestic Relations Law cannot serve to create a question of fact in that respect if otherwise none exists.

The chief reliance of the appellants in support of their contention that the question should have been left to the jury, under instructions that if the jury found the fact to be that the infant was *sui juris* he was under the duty of observing such care as was reasonably to have been expected of a child of his age, is the authority of *Camardo* v. *New York State Railways* (247 N. Y. 111). There it was held that the submission of the question to the jury was proper

with respect to a child of the age of four years and ten months. The child here was more than a year younger. But there is an arbitrary period of time during which it must be said, as a matter of law, that a child is *non sui juris*. Such a time must be fixed with respect to a child in its very first years of infancy. Therefore, in the absence of any recent holding to the contrary, my opinion is that the well-settled authority of the earlier cases to the effect that a child under the age of four years is *non sui juris*, as a matter of law, is to be deemed controlling. In *Mangan* v. *Brooklyn R. R. Co.* (*supra*) GROVER, J., writes for the court that a child under that age is too young to possess discretion to guard against danger, and that his failure so to do is not to be regarded as negligence. In a concurring opinion, MASON, J., says: "It may be safely assumed, in law, that an infant of the age of three years and seven months is not *sui juris*." That is the precise age with which at present we are concerned. In *Ihl* v. *Forty-second Street, etc., R. R. Co.* (47 N. Y. 317, 323) RAPALLO, J., writes, for a unanimous court, that a child three years and two months old is "clearly within the adjudged cases in which infants have been held not *sui juris* or responsible for their own conduct." In *McGarry* v. *Loomis* (63 N. Y. 104, 106) CHURCH, Ch. J., also for a unanimous court, stated that a child about four years of age "must be regarded as *non sui juris*."

In the light of the foregoing authority, my conclusion is that the learned trial justice was correct in holding this child to have been *non sui juris* as a matter of law and, in consequence, striking out the third paragraph of the answer alleging negligence on the part of the infant or his parents or guardian.

The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ.

Judgment unanimously affirmed, with costs.