JOSEPH RAMOS et al., Plaintiffs, *v.* DIXIE CAB CORPORATION et al., Defendants.

Supreme Court, Trial Term, Kings County, November 16, 1942.

*Morton L. Panken* for plaintiffs.

*Philip S. Rivlin* for defendants.

DALY, J. Action for damages for personal injuries sustained by the infant plaintiff and for loss of services and medical expenses incurred by the father, Enrique Ramos, tried without a jury.

According to the evidence adduced on behalf of the plaintiffs, on the morning of August 22, 1940, at about eleven o'clock, the infant plaintiff, who was then four years and eleven months old, was playing with other children on 103rd street, at a point in front of the premises 55 East 103rd street. A taxicab, driven by the defendant Berkowitz, proceeding west on 103rd street at a rate of speed between twenty-five and thirty miles an hour, struck the infant plaintiff when he was standing at a point fifteen feet from the northerly curb and while the defendant Berkowitz, driving the taxicab, had his head turned toward his left and the south side of 103rd street.

The evidence presented by the defendants was to the effect that Berkowitz picked up a passenger at Lexington avenue and

103rd street and that, when he reached Park avenue and 103rd street, he came through a tunnel under the New York Central Railroad tracks and proceeded at second speed through 103rd street. He saw children playing in the street and blew his horn. One group of children nearer to Park avenue ran to the sidewalk and, as he proceeded down the street, he kept blowing his horn and traveling at second speed of ten to twelve miles an hour. He first noticed the infant plaintiff running from the curb on the north side of 103rd street when the infant plaintiff was ten feet away from the point of contact, and when the taxicab was ten to fifteen feet east of that point. He denied that he had his head turned to the left at the time of contact and contends that he had brought his cab to a stop when the infant plaintiff ran into the right front fender.

The infant plaintiff is, of course, not chargeable with contributory negligence (*Meyer* v. *Inguaggiato,* 258 App. Div. 331), and the sole question to be determined is whether any negligence on the part of the defendants has been established.

Berkowitz depended upon the warning given by the blowing of his horn and proceeded through this street, after he had seen this child coming from the curb, without slackening his speed. It was his duty to take into consideration the heedlessness and indiscretion of a child of the immature years of the infant plaintiff herein. (*Colon* v. *Salute,* 171 Misc. 842; affd., without opinion, Supreme Court, Appellate Term, First Department, New York Law Journal, May 25, 1939, p. 2413.) This he failed to do.

From all the evidence in the case, I am convinced that Berkowitz was negligent in the manner in which he operated his taxicab at the time of this occurrence. I therefore deny the motion of the defendants for judgment and grant the motion of the plaintiffs for judgment in the sum of $2,000 for the infant plaintiff Joseph Ramos and $250 for Enrique Ramos against both defendants. A thirty-day stay is granted with sixty days to make and file a case on appeal.