RALPH M. VERNI, as Administrator of the Estate of MICHAEL J. VERNI, Deceased, Appellant, *v.* EVALD JOHNSON, Respondent.

Argued April 16, 1946; decided July 23, 1946.

*Isidor Unger* for appellant. The trial court committed reversible error in submitting to the jury the question whether this child of three years and two months was sui juris and in admitting testimony over objection and exception from which the jury could infer that the parents of the child were negligent in their supervision. (*Meyer* v. *Inguaggiato,* 258 App. Div. 331; *Mangam* v. *Brooklyn R. R. Co.,* 38 N. Y. 455; *Camardo* v. *New York State Railways,* 247 N. Y. 111.)

*Julius S. Christensen* and *James J. McLoughlin* for respondent. The capacity of the infant to exercise care commensurate with his age, intelligence and experience, and the question of his contributory negligence, if any, was properly left to the jury. (*Weidenfeld* v. *Surface Transportation Corp.,* 269 App. Div. 341; *Richmond* v. *Krasne,* 273 N. Y. 472; *Zwack* v. *N. Y., L. E. & W. R. R. Co.,* 160 N. Y. 362; *Goodheart* v. *American Airlines, Inc.,* 252 App. Div. 660; *Whitcher* v. *Board of Education,* 233 App. Div. 184; *Bressler* v. *New York Rapid Transit Corp.,* 270 N. Y. 409; *Camardo* v. *New York State Railways,* 247 N. Y. 111.)

DESMOND, J. The testimony here raised a question of fact as to defendant's negligence. The Trial Justice submitted to the jury that issue and an issue as to contributory negligence of plaintiff's intestate, an infant three years and two months old at the time of the accident. Plaintiff's counsel requested a charge that " a child of the age of three years and two months is *non sui juris* and incapable of being guilty of negligence ". The request was refused. We granted leave to appeal so that we might pass on the correctness of the rule of law contended for in that request to charge.

In every reported case where the question has been squarely raised, this court has held that a three-year-old child is conclusively presumed to be incapable of negligence (*Mangam* v. *Brooklyn R. R. Co.,* 38 N. Y. 455, 459, 460; *Ihl* v. *Forty-second Street & Grand St. Ferry R. R. Co.,* 47 N. Y. 317, 322, 323; *Prendegast* v. *N. Y. C. & H. R. R. R. Co.,* 58 N. Y. 652, 653; *McGarry* v. *Loomis,* 63 N. Y. 104, 106). In *Meyer* v. *Inguggiato* (258 App. Div. 331, 333) the second department joined unani-

mously in an opinion by Justice HAGARTY holding that "a child under the age of four years is *non sui juris*, as a matter of law". We denied leave (282 N. Y. 811). The argument for leaving the question of competency to juries is based on certain language in *Camardo* v. *New York State Railways* (247 N. Y. 111). The Camardo child was just under five years of age and the language of this court's opinion must be read with that in mind. There is no sign in that opinion of any intent to over-rule the *Mangam, Ihl, Prendegast* and *McGarry* cases, above cited.

Throughout the United States, " as regards a child between three and four years of age, the weight of authority is in favor of a conclusive presumption of incapacity " (107 A. L. R. 100).

The rule which refuses to allow such young children to be penalized for supposed faults has been followed in this court at least since 1868 (*Mangam* v. *Brooklyn R. R. Co., supra*). It is not an unjust rule or one which changing conditions make obsolete. No reason appears for changing it.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CONWAY, J. (dissenting). I dissent and vote to affirm upon the ground that the court properly charged the jury that ordinarily a child of less than four years of age is considered to be *non sui juris*, but that where, as in this instance, the plaintiff introduced evidence as to the memory and intelligence of the child, the question whether or not this particular child was *sui juris* was a question for the jury. (*Camardo* v. *New York State Railways*, 247 N. Y. 111, 116; Prosser on Torts, § 36, p. 231; Harper, The Law of Torts, § 141, p. 310.) In *Camardo* v. *New York State Railways* (LEHMAN, J.) (*supra*) we said at p. 116: " * *. * A child's age does not alone determine its capacity to care for itself and to avoid dangers which may threaten. The law does not disregard variations in capacity among children of the same age, and does not arbitrarily fix an age at which the duty to exercise some care begins or an age at which an infant must exercise the same care as an adult. * * * Determination whether under the particular circumstances in each case reasonable men might differ as to the inferences that can be drawn is decisive of whether upon the evidence

a question of fact or of law is presented. It is sometimes said that at least a presumption exists that a particular child is *non sui juris,* or that another child is not capable of exercising the care which an adult would exercise in the face of the danger which threatened. It would perhaps be more accurate to say that under some circumstances, in the absence of *any* evidence bearing upon the capacity of a particular child except its age, an inference may be drawn, in the light of common experience, as to the child's ability to apprehend and avoid the danger which resulted in its injury. (Citing a case). Here, too, however, it must be noted that from the cases decided in this court *no general rule can be deduced that at a definite and fixed age* the basis for an inference that a child is incapable of caring for itself under particular circumstances fails. \* \* \* *No rule of law fixes an arbitrary age* at which a particular degree of care may be expected, *or* furnishes *a true presumption which takes the place of evidence,* that a child is not chargeable with contributory negligence. Only where the circumstances admit of only one inference may the court decide as a matter of law what inference shall be drawn." (Emphasis supplied.)

Loughran, Ch. J., Thacher and Dye, JJ., concur with Desmond, J.; Conway, J., dissents in memorandum, in which Lewis, J., concurs.

Judgments reversed, etc.