| Myrick v City of New York |
|:---:|
| 2025 NY Slip Op 31289(U) |
| April 15, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158805/2023 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. HASA A. KINGO**                    PART              05M

*Justice*

-------------------------------------------------------------------------------X

DAQUASIA MYRICK,                                         INDEX NO.        158805/2023

Plaintiff,                                                MOTION DATE         N/A

- v -                                                     MOTION SEQ. NO.      001

CITY OF NEW YORK, NEW YORK CITY HOUSING
AUTHORITY                                                 **DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50

were read on this motion for                       SUMMARY JUDGMENT                   .

Plaintiff Daquasia Myrick ("Plaintiff") moves for partial summary judgment on the issue of liability against defendants and seeks a trial preference pursuant to CPLR §§ 3212(c) and 3403. Defendant the City of New York ("the City of New York," "the City") cross-moves to dismiss the complaint and all cross-claims against it pursuant to CPLR § 3211(a)(7), and further requests that it be removed from the caption. Defendant New York City Housing Authority ("NYCHA") opposes Plaintiff's motion and does not oppose the City's cross-motion.

## BACKGROUND AND PROCEDURAL HISTORY

This action arises from severe burns allegedly sustained by infant-plaintiff R.I., who, at the time of the incident, was under the age of three and residing with his mother, Plaintiff, in a NYCHA-managed apartment located at 345 East 101st Street in Manhattan. On April 4, 2023, at approximately 3:30 a.m., the infant rolled off a bed while his mother was using the restroom and came into direct contact with exposed heating pipes adjacent to the bed. The pipes were alleged to have contained scalding hot water, causing second-degree burns to the infant's head, back, leg, and arm.

Plaintiff alleges that NYCHA failed to insulate the pipes in violation of NYC Admin Code § 27-809 and that it had actual knowledge of the dangerous condition based on prior inspections and responses to annual surveys. Plaintiff asserts a theory of *res ipsa loquitur*, arguing that the condition and resultant injury would not have occurred absent NYCHA's negligence. Plaintiff further asserts that the City of New York is liable for its alleged ownership, operation, or control of the subject premises.

[* 1]

The City of New York contends that it neither owns, operates, nor maintains the subject premises and is therefore an improper party. NYCHA, while admitting ownership, argues that Plaintiff has failed to establish a prima facie case of negligence.

## ARGUMENTS

Plaintiff contends that the infant-plaintiff is non sui juris,[1] thereby precluding any comparative fault, and asserts that NYCHA breached a non-delegable duty to provide a safe living environment. Plaintiff submits an expert affidavit asserting that the exposed pipes constituted a statutory and common law hazard.

In opposition, NYCHA argues that the Administrative Code provision cited by Plaintiff does not apply, as the operative temperature threshold (165°F) was not exceeded. It further contends that its records show the heating system was not in operation during the relevant time, undermining causation. NYCHA disputes the expert's methodology and conclusions, arguing that triable issues of fact remain.

The City of New York cross-moves to dismiss, providing documentary evidence, including a deed and title search, which confirms that NYCHA is the sole owner. The City relies on long-standing precedent holding that NYCHA is a distinct legal entity and not an agent of the City. Plaintiff does not oppose the City's motion or offer any argument rebutting the City's evidentiary submissions.

## DISCUSSION

Summary judgment is a drastic remedy and should be granted only when there are no triable issues of fact (CPLR § 3212[b]; *Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). The movant must establish entitlement to judgment as a matter of law, and courts must view the evidence in the light most favorable to the non-movant (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013]).

As to the City of New York, dismissal is warranted. The uncontroverted evidence establishes that NYCHA owns the subject premises and that the City does not manage or maintain the property. NYCHA's verified answer admits ownership. The deed, tax records, and affidavits from HPD and the Department of Law confirm the absence of any legal or factual basis for holding the City liable. Courts have consistently dismissed claims against the City under similar circumstances (*Ortiz v NYCHA*, Sup Ct, NY County, May 31, 2022, Index No. 160234/2021; *Briscoe v NYCHA*, Sup Ct, NY County, Mar. 14, 2018, Index No. 153188/17). Notably, neither Plaintiff nor NYCHA opposes the City's cross-motion, leaving the City's prima facie showing unrebutted and free of factual disputes.

Accordingly, the City's cross-motion to dismiss is GRANTED. The caption shall be amended to remove the City of New York as a defendant.

---

[1] "Non sui juris" is a Latin phrase meaning "not of one's own right," or "not of legal age." It refers to a person who lacks legal capacity to act on their own behalf, often due to being a minor or being otherwise incapacitated.

**158805/2023   MYRICK, DAQUASIA vs. CITY OF NEW YORK ET AL**                              **Page 2 of 4**
**Motion No.  001**

[* 2]

As to Plaintiff's motion against NYCHA, Plaintiff has failed to make a prima facie showing of entitlement to summary judgment. While Plaintiff has laid out grave and sympathetic facts, the burden on a summary judgment motion is not one of evoking sympathy, but of establishing a legal entitlement to judgment as a matter of law. Plaintiff's submissions—including the expert report—do not, on their face, demonstrate that NYCHA breached a duty recognized under statute or common law. The expert's conclusion that the pipe surface exceeded 150°F falls short of the 165°F statutory threshold set forth in Admin Code § 27-809. Moreover, Plaintiff does not provide definitive proof that the pipes were functioning or heated at the time of the incident; to the contrary, NYCHA offers maintenance logs and an affidavit indicating the heating system was off due to boiler issues. The conflicting expert opinions and factual accounts preclude a determination as a matter of law.

Even assuming *arguendo* that Plaintiff had met her prima facie burden, triable issues of fact would nevertheless preclude summary judgment. Indeed, material issues of fact remain that preclude summary judgment. While the infant is legally incapable of contributory negligence (*Verni v Johnson*, 295 NY 436 [1946]), Plaintiff must still establish NYCHA's liability. Plaintiff's expert posits a statutory violation under Admin Code § 27-809; however, that provision applies only when pipe temperatures exceed 165°F. NYCHA's expert and maintenance records call into question whether that threshold was met, and whether the heating system was operational. The affidavit of Simone Brown, a NYCHA heating plant technician, avers that the boiler had been offline during the relevant hours, raising legitimate questions as to causation. Leonard Parkin's engineering affidavit further opines that the configuration and maintenance of the heating system were consistent with industry standards. These competing narratives raise questions of fact and credibility—matters that lie within the province of the jury. Moreover, Plaintiff's assertion that NYCHA received prior notice of the exposed pipe condition via questionnaire responses remains unsubstantiated, as no such documents have been produced despite Plaintiff's reliance upon them. Further, Plaintiff has not established negligence *per se*. Violation of a statute constitutes only some evidence of negligence, not dispositive proof (*Elliott v City of New York*, 95 NY2d 730 [2001]).

Finally, Plaintiff's invocation of *res ipsa loquitur* is unavailing on summary judgment. That doctrine permits, but does not compel, an inference of negligence, and is generally reserved for resolution by the trier of fact (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219 [1986]).

Therefore, summary judgment against NYCHA is DENIED.

Accordingly, it is hereby

ORDERED that Plaintiff's motion for summary judgment is DENIED; and it is further

ORDERED that the cross-motion of Defendant City of New York is GRANTED, and the complaint and all cross-claims are dismissed as against the City of New York; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment dismissing the complaint and all cross-claims as against the City of New York; and it is further

158805/2023   MYRICK, DAQUASIA vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 3 of 4

3 of 4

ORDERED that the Clerk of the Court is directed to amend the caption to remove the City of New York as a defendant; and it is further

ORDERED that this matter is hereby transferred to the inventory of a General IAS Part for all further proceedings.

This constitutes the decision and order of the court.

20250415120507HKINGO46B... ...D81B24D67A5D7E27A21E50D59

__4/15/2025__
__DATE__

__HASA A. KINGO, J.S.C.__

| CHECK ONE: | | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | | GRANTED | X DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | X | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

158805/2023   MYRICK, DAQUASIA vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 4 of 4

[* 4]