make after service is in fact made, or affect their rights upon the return day, even if the service of the notice of motion be deemed an appearance. We are of the opinion that the order dismissing the motion did not affect a substantial right, and is therefore not appealable. See In re Soule's Will, 46 Hun, 661, affirmed 109 N. Y. 662, 17 N. E. 868; In re Phalen, 51 Hun, 208, 4 N. Y. Supp. 408; In re Odell, 15 N. Y. St. Rep. 116; Tracy v. Reynolds, 7 How. Prac. 327.

Appeal dismissed. All concur.

---

(5 App. Div. 544.)

### ALBERT v. ALBANY RY. CO.

(Supreme Court, Appellate Division, Third Department. May 5, 1896.)

INJURY TO CHILDREN—CONTRIBUTORY NEGLIGENCE OF PARENT.

> In an action to recover damages for the death of a child about 3½ years old, it appeared that the child's mother sent her and her sister, a child 5 years old, to a shoe store, to reach which they were obliged to cross defendant's electric railroad track. The mother knew this when she sent the children, and she testified that she thought it was dangerous, and that she told the children to be careful of the cars. While they were crossing the track, decedent was struck by an approaching car. Held, that the mother was guilty of such negligence as barred a recovery.

Appeal from circuit court, Albany county.

Action by Joseph Albert, as administrator of Loretta Albert, against the Albany Railway Company, to recover damages for the death of plaintiff's intestate. From a judgment entered on a verdict in favor of plaintiff for $3,000, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Reversed.

Argued before PARKER, P. J., and PUTNAM, MERWIN, and EDWARDS, JJ.

Rosendale & Hessberg (S. W. Rosendale, of counsel), for appellant.

Parker & Fiero (J. Newton Fiero, of counsel), for respondent.

PARKER, P. J. The infant daughter of the plaintiff, aged three years and four months, while attempting to cross South Pearl street, in this city, was run over by one of the defendant's trolley cars, and killed. This action is brought under the statute to recover damages for the loss which her next of kin have sustained by her death. Upon the trial, the jury gave a verdict against the defendant for $3,000; and from the judgment entered thereon, and from an order denying a new trial, this appeal is taken.

The child was run over while attempting to cross the tracks in front of an approaching car. The car was in plain sight, and but a short distance away, when she entered upon the tracks; and it is plain from the evidence that, had she been of mature years, her own negligence so far contributed to the injury that it would have barred a recovery in this action. But she was plainly "non sui juris," and her own negligence, therefore, will not have that effect.

But the first question that presents itself to us is whether the child's parents were so free from contributory negligence that the action can be sustained. It is the settled rule in this state that it is not negligence, as matter of law, for parents to permit a child non sui juris to play in the public streets of a city. The question of negligence depends upon the circumstances of each case, and is one for the jury. In this case the jury have evidently found that the parents were free from negligence, but with that conclusion we are not able to agree. The father of the child being away at his work, the children were left in the mother's care, at home. The residence was something over two blocks from South Pearl street. In the afternoon of April 27, 1892, the mother sent this little child, in company with her sister, a child five years of age, to a shoe store in South Pearl street, to get their shoes, which had been left there for repair. To reach that store, they were obliged to cross the railroad track running through such street. This fact was known to the mother when she sent them, and she testified that she thought it was a dangerous place for children, and that she told the children, when they started, to be very careful of the cars. The children went to the shoe store, crossing the tracks in safety. They then safely crossed back to a candy store. They then attempted to recross to the east side, on which the shoe store was located. The eldest went ahead, but a short distance in front of the approaching car. The little one, in attempting to follow her, was caught by the car, and killed. Under these circumstances, which are not disputed, we are of the opinion that the mother was guilty of such negligence as prevents a recovery for the death of her child. Both of the children were of such tender age that neither could be expected to exercise any judgment or care for herself, or appreciate any threatening danger. They were deliberately sent into the neighborhood of a railroad track, where cars run by electricity were passing, as often as once in every 10 minutes. They were sent on an errand that required them to cross such tracks. They were in charge of no one, and at liberty to play about that dangerous locality as long as they chose, and in the unrestrained and careless manner that would naturally be expected from children of that age. In our judgment, such conduct was gross carelessness on the part of the mother; and the cases to which our attention has been called by the plaintiff's counsel do not hold otherwise. In all of those cases it is held that the question of negligence must depend upon the circumstances of each case, and in neither of them were the circumstances such as are now presented to us. We place this decision upon the ground that the mother sent this child, without protection, into a locality known to her to be an exceedingly dangerous one, and where the child would be very liable to meet with the very accident that did occur. No case to our knowledge has sustained, or allowed a jury to sustain, such conduct on the part of a parent; nor are we inclined to do it in this case.

The judgment and order are reversed, and a new trial granted; costs to abide the event. All concur.