# MEMORANDUM DECISIONS.

ACKERLY v. OSBORN. (Supreme Court, Appellate Term, First Department. January 31, 1896.) No opinion. Motion to dismiss appeal granted. Order settled and filed. See 34 N. Y. Supp. 459.

ADSIT, Appellant, v. GENERAL FIRE EXTINGUISHER CO., Respondent. (Supreme Court, Appellate Division, First Department, July 31, 1896.) Action by Agnes J. Adsit against the General Fire Extinguisher Co. John S. McAdam, for appellant. William A. Jones, Jr., for respondent.

PER CURIAM. This order must be reversed. The notice of claim of preference, and that it would be moved for at the opening of the court, was duly given. It was served with the notice of trial, and was sufficient to satisfy the statute. The special notice was given pursuant to and in consequence of the adoption of rule 3 of the trial term rules of this court. Order reversed, with $10 costs and disbursements, and motion for preference granted.

ALBERT, Respondent, v. ALBANY RY. CO., Appellant. (Supreme Court, Appellate Division, Third Department. September 14, 1896.) Action by Joseph Albert against the Albany Railway Company. No opinion. Motion granted. Order to be settled by PARKER, J. See 39 N. Y. Supp. 430.

BACON, Respondent, v. LOWMAN et al., Appellants. (Supreme Court, Appellate Division, Third Department. May, 1896.) Action by John L. Bacon against Edward M. Lowman and others, as executors, etc., of Jacob Lowman, deceased. E. J. Baldwin, for appellants. Frederick Collin, for respondent.

LANDON, J. The evidence supports the findings. The objection of the executors to the testimony of Stanchfield was in violation of the order of the special term which permitted the defendants to answer. This order recites that it was made upon consent of counsel, and upon stipulation that objection under Code, § 829, should not be taken. If the order is false in its recitals, the executors should have moved to resettle or correct it. The notice of appeal seeks to bring this order before us for review, but we do not review orders granted upon consent. The appealing party should have either opposed the motion for the order, or made some motion to resettle, vacate, modify, or correct it, and, if unsuccessful, there would be an order that we could review. The other objections do not strike us as of force. The judgment should be affirmed, with costs.

BALL, Respondent, v. TIBBITS, Appellant. (Supreme Court, Appellate Division, Third Department. September 22, 1896.) Action by Clinton M. Ball against John B. Tibbits. No opinion. Judgment and order affirmed, with costs. All concur.

In re BARBER'S WILL. (Supreme Court, Appellate Division, Fourth Department. March, 1896.) Proceeding for the probate of the last will and testament of Mary E. Barber. No opinion. Ordered that the decision be amended so as to read as follows: "Decree of the surrogate's court of Cayuga county reversed, with costs to the appellant and respondent payable out of the estate, and that the proceedings be remitted to the surrogate's court of that county with direction to refuse the probate of the will." See 37 N. Y. Supp. 235.

BEEMER, Respondent, v. PACKARD et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. March, 1896.) Action by Jefferson H. Beemer against Warren Packard and others. No opinion. Motion for reargument denied. Leave granted to appeal to the court of appeals on the ground that a question of law is involved which ought to be reviewed by that court. See 38 N. Y. Supp. 1045.