With regard to the suggestion that plaintiff may have come within one of the exceptions of the statute, we may further point out that the statute in question provides that every foreign corporation shall be debarred from maintaining an action without obtaining the receipt referred to, except certain specified corporations; and, as plaintiff alleges that it is a foreign corporation, it ought also to have shown either that it came within one of the exceptions specified in the statute, or that it had not been doing business in this state for so long a period as 13 months prior to the time of the application for the attachment and commencement of the action, and, consequently, that its time had not expired; or it should have shown that it had complied with the requirements of the statute, and obtained the receipt. We do not see that the cases of People v. Roberts, 29 App. Div. 585, 51 N. Y. Supp. 487; Steel Co. v. Payne, 13 App. Div. 11, 43 N. Y. Supp. 376; O'Reilly v. Greene, 18 Misc. Rep. 424, 41 N. Y. Supp. 1056; Galligan v. Groten (City Ct. N. Y.) 38 N. Y. Supp. 1144; Bondy v. Collier (Com. Pl.) 33 N. Y. Supp. 996; Wright v. Brown, 67 N. Y. 1; Romeo v. Garofalo, 25 App. Div. 191, 49 N. Y. Supp. 114; and Liddell v. Paton, 67 N. Y. 393,—apply to the facts presented in the case at bar. As we have reached the conclusion that the order should be reversed for the reasons above set forth, it is unnecessary to discuss the other questions raised upon the appeal.

The order of the general term is reversed, with $10 costs and disbursements, and the order of the special term affirmed.    All concur.

---

(25 Misc. Rep. 64.)

JUSKOWITZ v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Trial Term, New York County.   October, 1898.)

STREET RAILROADS—INJURY TO INFANT.
    A child 3½ years old was allowed by its parents to play on the streets
    at night, uninstructed as to the dangers, and unattended by a care-taker
    of suitable age and discretion.   Cars passed the parents' door at short
    intervals, and on a Sunday night, when the streets were darker than on
    other nights, the child was injured by a passing car.   *Held*, that there
    could be no recovery, since the parents' failure to exercise reasonable
    caution contributed to the injury.

Action by Rosie Juskowitz, by her guardian, against the Dry Dock, East Broadway & Battery Railroad Company to recover $60,000 damages for injuries sustained by alleged negligence.    Complaint dismissed.

Louis Steckler, for plaintiff.
Hoadley, Lauterbach & Johnson, for defendant.

McADAM, J.    The parents of the plaintiff, a child 3½ years old, allowed it to play upon the streets at night, uninstructed as to the dangers, and unattended by a care-taker of suitable age and discretion.    The defendant's railway cars passed the parents' door at short intervals during the day and night, constituting a source of danger to unsuspecting children.    The child, from want of discretion, was injured by one of the passing cars.    The injury occurred on Sunday

evening, when the stores are closed, and the street was darker than on other nights. These are the facts as they appear by the evidence. The legal conclusion seems inevitable that the failure of the parents to exercise reasonable caution and care contributed to the injury, and defeats the action. Indeed, any finding of due care on their part would, under the circumstances, have to be set aside. Albert v. Railroad Co., 5 App. Div. 544, 39 N. Y. Supp. 430, affirmed 154 N. Y. 780, 49 N. E. 1093. In Hartfield v. Roper, 21 Wend., at page 619, the court said:

"The application [of the rule] may be harsh, when made to small children, as they are known to have no personal discretion. Common humanity is alive to their protection. But they are not, therefore, exempt from the legal rule when they bring an action for redress; and there is no other way of enforcing it, except by requiring due care at the hands of those to whom the law and the necessity of the case have delegated the exercise of discretion. An infant is not sui juris. He belongs to another, to whom discretion in the care of his person is exclusively confided. That person is keeper and agent for this purpose, and in respect to third persons his act must be deemed that of the infant; his neglect, the infant's neglect."

In Weil v. Railroad Co., 119 N. Y., at page 153; 23 N. E. 488, the court said:

"The plaintiff's parents were bound to protect her from danger, as far as that could be done by the exercise of reasonable prudence and care."

There was a total absence of prudence and care in this instance. The cases relied upon by the plaintiff were exceptional, and those in which the injured child had been properly instructed by its parents, escaped their vigilance, disobeyed instructions, was of mature years, or the accident happened in broad daylight. Such variations, slight as they may seem, play their part in negligence cases, each of which must be decided upon its own peculiarities. If the rule imputing to children of tender years the negligence of their parents does not apply to this case, it is difficult to imagine any one to which it would apply. It follows that the complaint must be dismissed.