## LOWERY v. NEW YORK ICE CO.

(Supreme Court, Trial Term, New York County. January 24, 1899.)

1. INFANTS—CONTRIBUTORY NEGLIGENCE.
    Where an ice wagon was being driven on a street at night, where it
    had a right to be, and, without the driver's knowledge or negligence, an
    unattended five year old child was injured by coming in contact with the
    team, the child cannot recover.

2. OMISSIONS BY PARENTS—IMPUTED NEGLIGENCE.
    The negligence of the parents of a five year old child, in permitting
    him to go on the streets unattended at night, is attributable to the child
    in an action for personal injuries.

Action by Albert Lowery, an infant, by his guardian, against the
New York Ice Company. Dismissed.

H. Gottlieb, for plaintiff.

Nadal, Smyth, Carrere & Trafford, for defendant.

McADAM, J. Accidents, so frequent in our utilitarian age, prove
unfortunate, not only to the victims, but those dependent upon them
or obliged to provide for them in the hour of sorrow. Spontaneous
sympathy goes out to the unfortunates from all. This is as it should
be. But when the injured party appears in court as a litigant claiming
compensation, there are certain inflexible rules which regulate the
rights and liabilities of the parties, and these cannot be departed from.
A court is called upon to administer justice impartially, according
to established law and precedent, without regard to prevalent sentiment
or sympathy. The child injured was five years old. It had wandered
from its home, in company with a sister a little younger, and attempted
to cross Chrystie street, near Rivington, at 8:30 o'clock on the evening
of June 13, 1898. There is no proof that the driver of the defendant's
ice cart saw the child before the injury, or did any wanton damage
to it. The child, on account of its extreme youth, could not appreciate
the dangers of the situation nor protect itself from them. The child
was clearly non sui juris, and the negligence of its parents in permit-
ting it to go upon the streets unattended is clearly attributable to it.
Juskowitz v. Railroad Co., 25 Misc. Rep. 64, 53 N. Y. Supp. 992.
The child, in some manner not clearly explained, came in contact with
the horses of the ice cart, and was injured. Whose fault occasioned
the injury is not made clear by the evidence. The ice cart was where
it had a right to be, and the child was where it should not have been,
at that hour of the night, unattended by a person of age and discre-
tion. If the accident had occurred at a street crossing, or in the day-
time, when children congregate in the street, the case might have been
one for the jury on the ground of negligence on the part of the driver;
but, as the accident occurred in the nighttime, when the driver was
not bound to anticipate that such little tots would be upon the high-
way, he was not bound to act upon the assumption that they were
there, and there can be no recovery which a court of justice could
sustain. Of course, it is assumed, for all the purposes of the motion
to dismiss, that the facts testified to by the plaintiff's witnesses are
true, and the plaintiff is also entitled to the benefit of all inferences

to be drawn from such facts; but, even under this liberal construction of the evidence, there is nothing to fasten liability against the defendant. Ice carts, coal carts, ash carts, foundry, lumber, and stone trucks, with their weighty loads, have the right to use public highways as freely as the pleasure wagon or the ordinary vehicles of trade. The trolley has its rights; so have the cars propelled by steam; and the swift-going fire engine dominates the highways at a speed that attracts more than passing notice; yet the dangers from them cannot be controlled further than to require ordinary care according to the exigencies of the case, leaving the wayfarer to protect himself as best he can. It requires the exercise of care and discretion, in every large city, to protect one's self from the dangers which constantly menace life and limb, and it is only when, despite such care on the part of the pedestrian, an accident happens, that a remedy may be had in the courts. In the case of little children, their parents are their natural protectors, and they must to an extent keep them out of harm's way or take the chances of injury. Unfortunately, circumstances compel most parents to take these risks. When a child is too young to appreciate and protect itself from attending dangers which beset it in thickly-populated districts, the parent must have some discreet attendant in charge, or trust to good fortune rather than the law for the child's safety. This may seem hard, but it is nevertheless the law, as established in this state. The court has a plain duty to perform, and must execute it, however unpleasant it may seem to those interested. The complaint must be dismissed. The plaintiff will be allowed 60 days to make a case, and 60 days' stay of execution, after service of notice of entry of judgment, to enable the plaintiff to have the ruling made reviewed by the appellate division. If error is found, and a new trial is awarded on the ground that the questions involved are those for a jury, the plaintiff will no doubt receive thereat a substantial recovery, which will compensate, as far as money can, for the injuries received.