GEORGE NEUN, as Administrator of LOUISA NEUN, Deceased, Respondent, *v*. ROCHESTER RAILWAY COMPANY, Appellant.

NEGLIGENCE — ERRONEOUS INSTRUCTION AS TO NEGLIGENCE OF PARENTS. Upon the trial of an action to recover damages for the alleged negligent killing of a child under seven years of age, an instruction which permits the jury to find that the deceased was *non sui juris* and for that reason not negligent, and that it made no difference how negligent the parents may have been the defendant would be liable providing its motorman was negligent, is reversible error.

*Neun* v. *Rochester Railway Co.*, 28 App. Div. 622, reversed.

(Argued November 15, 1900; decided December 11, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 29, 1898, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles J. Bissell* for appellant. The exceptions to the charge of the trial justice and to his refusal to charge the propositions requested by defendant's counsel were well taken. (*Batty* v. *N. F. H. P. & M. Co.*, 37 App. Div. 93; *Hartfield* v. *Roper*, 21 Wend. 615; *Ihl* v. *F. S. S. R. R. Co.*, 47 N. Y. 317; *McGeary* v. *Loomis*, 63 N. Y. 104; *Huerzeler* v. *C. C. T. R. R. Co.*, 139 N. Y. 493.)

*Thomas Raines* and *Charles F. Miller* for respondent. Defendant's exceptions to the charge were not well taken. (*Bagley* v. *Smith*, 10 N. Y. 499; *Carpenter* v. *Stillwell*, 11 N. Y. 61; *Costello* v. *T. A. R. R. Co.*, 161 N. Y. 317; *Ellick* v. *M. S. R. R. Co.*, 15 App. Div. 556; *Thompson* v. *B. R. R. Co.*, 145 N. Y. 199; *Guichard* v. *New*, 84 Hun, 541; *Thurber* v. *H. B., M. & F. R. R. Co.*, 60 N. Y. 326; *Stone* v. *D. D., etc., R. R. Co.*, 115 N. Y. 104.)

Haight, J. This action was brought to recover the damages sustained by the next of kin by reason of the negligent killing of the plaintiff's intestate. The decedent was an infant of the age of six years and three months. She undertook to cross St. Joseph street, in the city of Rochester, and in doing so was run over by one of the defendant's electric cars and killed.

In submitting the case to the jury the court, in the first instance, delivered a charge with which we find no fault, but afterwards plaintiff's counsel asked for the further charge "That if the jury find that the child was *non sui juris* then any negligence of the child cannot be considered." This request was charged, and, we think, properly; but instead of resting at this point the court proceeded to comment further, stating "If they find that she was *non sui juris*. I tried to explain that where a child was so young as not to realize the dangerous condition it might be in, in crossing the street

railroad track when the cars were approaching, then it could not be charged with negligence, and the question would arise in that case whether the parents were negligent in allowing the child to go upon the street. But I might say in connection with this case, gentlemen, if you should find that the child was so young as to be what we term *non sui juris* and the parents were negligent in allowing the child to go to school unattended, *but if you also find that there was no negligence on the part of the child at the time the accident occurred, then it makes no difference how negligent the parents may have been,* the company would be liable providing the motorman was negligent." The defendant's counsel excepted to the part of the charge italicised. We think the charge in this particular was erroneous. As we have seen, the court had just instructed the jury that if the child was *non sui juris* then it could not be considered negligent; and then, if the jury found that there was no negligence on the part of the child it made no difference how negligent the parents may have been. The jury was thus permitted to find that the decedent was *non sui juris,* and for that reason not negligent, and at the same time that it made no difference whether the parents were negligent or not. It is quite possible that the trial judge did not intend to be so understood, but the jury might have so understood him and made that understanding the basis of their verdict. By giving to the words of the charge their ordinary meaning that construction would be quite liable to be adopted by the non-professional mind.

For this reason the judgment should be reversed and a new trial ordered, with costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, LANDON, CULLEN and WERNER, JJ., concur.

Judgment reversed, etc.