BESSIE SMITH, an Infant, by LEWIS I. SMITH, her Guardian ad Litem, Appellant, *v.* CITY REALTY COMPANY OF ROCHESTER, Respondent.

*Negligence — if a child who is injured uses the care incumbent on an adult the negligence of its parents will not prevent a recovery by the child — what evidence does not establish such care on the part of the child.*

If a child, who is *non sui juris* at the time of an accident, exercises such a degree of care as would, if he had been an adult, relieve him from the charge of contributory negligence, his right to recover will not be defeated by any negligence on the part of his parents or the persons having him in charge.

In an action brought to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant, it appeared that the plaintiff was about three years old at the time of the accident and had been left by her parents in charge of her grandmother, who occupied rooms on the third floor of the defendant's tenement house; that in walking down the stairs which led from a balcony at the back of the building to the yard below the plaintiff fell through a hole in one of the steps and broke her hip.

The plaintiff was too small to support herself by grasping the railing or to step over the hole. There were no eye-witnesses to the accident and the child herself was not sworn and gave no account of the transaction. There was, consequently, no evidence as to the manner in which the plaintiff attempted to pass the hole or as to the degree of care which she exercised while doing so. It appeared, however, that on other occasions she had passed the defective step by turning around and creeping over the hole.

*Held,* that the evidence was not sufficient to authorize a finding that the infant exercised such a degree of care as an adult person must have used in order to relieve himself from the charge of contributory negligence.

APPEAL by the plaintiff, Bessie Smith, an infant, by Lewis I. Smith, her guardian ad litem, from an order of the Supreme Court,

made at the Monroe Trial Term and entered in the office of the clerk of the county of Monroe on the 28th day of March, 1902, setting aside the verdict of a jury in favor of the plaintiff and granting the defendant's motion for a new trial made upon the minutes.

*William De Graff*, for the appellant.

*Elbridge L. Adams*, for the respondent.

WILLIAMS, J.:

The order appealed from should be affirmed, with costs.

The action was to recover damages for injuries to the plaintiff, alleged to have been caused by the negligence of the defendant. At the time of the accident the plaintiff was about three years old and had been left by her parents in charge of her grandmother, who occupied rooms on the third floor of defendant's tenement house. There were stairs leading from balconies at the back of the building to the yard below. One of the steps in these stairs between the second floor and the ground was in a defective condition, and the plaintiff met with the accident causing her injuries by reason of this defective step. Her hip was broken, and the jury upon the trial gave her a verdict of $250. The order appealed from set aside this verdict and granted a new trial.

There is no doubt that the jury upon the evidence were justified in finding the defendant guilty of negligence which caused the injuries, the grandmother free from contributory negligence which could be imputed to the plaintiff and that plaintiff suffered damage in the sum of $250.

If these questions alone had been submitted to the jury the verdict could not have properly been set aside and a new trial granted. Another question was, however, submitted, and we cannot say that the verdict was not based upon this question rather than the ones we have before referred to. In the body of the charge the court said: "There is another question in this case, * * * which is involved in the question that I have * * * submitted to you. * * * Was the conduct of the child at the time it was * * * proceeding down these stairs negligent in its character? Was there such a use of the stairs on the part of the child as would have been negli-

gence on the part of an adult person using those stairs?    *    *    *
If the act of this infant child was such that it would not have been
negligence at all in an adult person, then there could be no such
negligence on the part of the child as would prevent recovery in
this action." After the charge was concluded the plaintiff requested
the court to charge the jury, "If they find that the little girl, in
going down this stairway at the time of the accident, was not guilty
of any act or omission which in an adult person would have been
negligent, then any question of the negligence of her grandmother
becomes entirely immaterial, and need not be considered." The
court so charged and the defendant excepted. Defendant also
excepted to the statements made in the body of the charge quoted
above.

It is undoubtedly the law of this State that if a child who is *non sui
juris* at the time of an accident exercises all the care that an adult
person would have exercised under the like circumstances in order
to be free from contributory negligence, and so that the child, if an
adult, would have been free from such negligence, then his right to
recover will not be defeated by any negligence on the part of his
parents or persons having him in charge. This rule is based upon
the very plain proposition that under such circumstances the negli-
gence of the parents, or those having the child in custody, would not
have been the proximate cause of the accident. (*Ihl* v. *Forty-second
Street, etc., R. R. Co.,* 47 N. Y. 323; *McGarry* v. *Loomis,* 63 id.
104; *Cumming* v. *Brooklyn City R. R. Co.,* 104 id. 669; *Albert*
v. *Albany Ry. Co.,* 5 App. Div. 544; affd. on opinion below, 154
N. Y. 780; *Neun* v. *Rochester Ry. Co.,* 165 id. 146.)

The legal rule was, therefore, correctly stated by the court. The
question is whether the evidence was sufficient to authorize a finding
by the jury that the infant exercised such care as an adult person
must have done in order to relieve himself from the charge of con-
tributory negligence. If the evidence was not sufficient to support
such finding, or if the finding was contrary to the evidence, then the
verdict was properly set aside and a new trial granted, because it
cannot be said the verdict was not based upon such finding. Con-
sidering the age of this child, we are unable to see how, in the
absence of direct proof as to what care she did exercise, the jury
could infer from any circumstances appearing in the evidence that

she exercised the care which the law required. No one observed what the child was doing, what care she was using at the time of the accident. No one saw how she was attempting to pass over the defective step in the stairway when she fell through the hole to the ground below. There was no eye-witness to the accident. The child herself was not sworn and gave no account of the transaction. She knew what the defective condition was. She had passed over it before, within a few days, and did not fall. On such occasions, when she came to the defective stair, she turned around and crept down over the hole. How she attempted to pass it on the occasion of the accident did not appear. Whether she attempted it as she had done on former occasions, or whether she attempted in an upright position to step over it, did not appear. The jury could not infer from any circumstances appearing from the evidence that she went down the stairway and over this hole as an adult person would have done. She could not be expected to, would not be able to go down as an adult would have done, or to exercise the care that an adult would. She was so small that she could not lay hold of the railing to support herself, nor could she step over the hole as an adult could and very likely would have done. No comparison under the circumstances could be made between the conduct of this child and an adult in attempting to pass over this hole in the steps, and to permit a jury to determine that she exercised the same care that an adult would have done, upon the evidence given in the case, would be to allow them to act upon mere speculation, and not upon the proofs, or any legitimate inferences to be drawn therefrom.

In the *Ihl Case* (*supra*) the child, three years of age, fell upon the street car track a sufficient distance from the car to have enabled him to get off if the driver had slackened the speed of the car. The only controversy as to contributory negligence was as to that of the parents, and it was held that that question was properly submitted to the jury. The personal negligence of the child was not involved, nor was the question whether his freedom from negligence rendered the negligence of his parents unimportant. No question was raised as to the sufficiency of the evidence as to his freedom from negligence. The principle of law we have referred to was merely stated in the opinion by way of argument.

In the *McGarry Case* (*supra*) (as shown by the record in the

Court of Appeals) the complaint alleged freedom from negligence of the plaintiff alone, although a child but four years of age. The answer was a general denial and an allegation of contributory negligence by the plaintiff and his parents. The trial was had and the case submitted to the jury upon the question of the plaintiff's negligence alone, not that of his parents, and the question submitted was whether the plaintiff, considering his age, intelligence, etc., was guilty of contributory negligence. No question was suggested as to whether he exercised the care of an adult, or whether there was sufficient evidence to authorize a finding of such care. In the Court of Appeals the rule referred to by us was discussed in considering some requests, but was not involved in the case, as the court said, "the negligence of the parents in this case was not a question. The case was submitted to the jury upon the negligence of the child. * * * The child was in a lawful place, and the question of its (freedom from) negligence was deemed necessary by the court to its recovery. If an act could have been imputed to the child which in an older person might have constituted negligence, a recovery could still have been had if the parents had been free from negligence, *but the latter alternative was not reached and not considered,* which was a benefit rather than an injury to the defendants."

In the *Cumming Case* (*supra*) the plaintiff, a child five years of age, was passing along the highway over the tracks of a railroad, and was struck by a train and injured. There was evidence for the jury as to the defendant's negligence. The child as it approached the crossing found her passage obstructed by a train standing still, and she could not see a train coming on the track beyond. As the first train started, she passed behind it to cross the next track, and was struck by the second train. The engine was a dummy and was moving slowly and without signal by bell or whistle. It was claimed that the negligence of the mother in permitting the child to go at large alone was imputable to the plaintiff, and, therefore, plaintiff could not recover. The court among other things said that the negligence of the mother was entirely immaterial, if the child herself was guilty of none. (Citing the *Ihl Case, supra.*) The court rehearsed the circumstances of the accident as they very likely appeared from the evidence, and said the child acted as any one might who was taking ordinary care. It does not appear just how

the case was submitted to the jury, but the plaintiff had a verdict which the Court of Appeals affirmed.

In the *Albert Case* (*supra*) a child three years of age was run over by a trolley car and killed. Apparently the case was submitted to the jury upon the negligence of the mother alone, and the plaintiff had a verdict. The Appellate Division reversed, holding the mother negligent as matter of law, and saying it was plain from the evidence that had the child been of mature years her own negligence would have barred a recovery. She was, however, *non sui juris*, and it was, therefore, a question of the negligence of her mother. The Court of Appeals affirmed on the opinion of the Appellate Division.

In the *Neun Case* (*supra*) a child six years old was killed by an electric car while crossing the street. The court charged the jury that, if the child was *non sui juris*, then any negligence of hers could not be considered, but the question would be as to the negligence of her parents in allowing her to be on the streets, and if the jury found there was no negligence on the part of the child, then it would make no difference how negligent her parents might be. The plaintiff had a verdict, the Appellate Division affirmed, but the Court of Appeals reversed, saying that the court must be bound by what the trial court *said*, though apparently it did not mean just what it said. The trial court undoubtedly designed to charge the rule we have referred to, but did not do it correctly. Freedom from negligence of the child, who was *non sui juris*, in a general sense would always exist, because the child could not, being so young, be charged with negligence; but in order to make the negligence of the parents immaterial, the child must have been free from anything which would constitute negligence in an adult under the circumstances in which she was placed.

This examination and analysis of the cases passed upon by the Court of Appeals discloses nothing in conflict with the suggestions we have made as to the insufficiency of the evidence in this case to show the plaintiff, at the time of the accident in question, exercised the care that must have been exercised by an adult, under the circumstances, in order to relieve him from the charge of contributory negligence.

We think the evidence was not sufficient to support such a find-

ing, or, certainly, that it was so slight that the verdict rendered thereon was properly set aside and a new trial granted, as contrary to the evidence.

We conclude, therefore, that the order appealed from was properly made and should be affirmed, with costs.

McLENNAN, SPRING, HISCOCK and NASH, JJ., concurred.

Ordered affirmed, with costs.