(120 App. Div. 160)

## KOSTENBAUM v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department.   June 14, 1907.)

1. STREET RAILROADS—INJURIES TO PERSONS ON TRACK—EVIDENCE—SUFFI-
CIENCY.

In an action against a street railroad for the death of a child, evidence
*held* insufficient to show that the driver of the car was negligent in fail-
ing to keep a proper lookout.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads,
§§ 243, 244.]

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—CARE REQUIRED OF CHILDREN.

A child of tender years is not required to exercise the same degree of
care and prudence in the presence of danger required of an adult under
like circumstances, but is required to exercise such care and prudence as
is commensurate with one of his age and intelligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 123.]

Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Samuel Kostenbaum, as administrator of the estate of
Sadie Kostenbaum, deceased, against the New York City Railway
Company.   From an order setting aside a verdict for defendant and
granting a new trial, defendant appeals.   Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT,
and LAMBERT, JJ.

James L. Quackenbush, for appellant.

David C. Hirsch, for respondent.

INGRAHAM, J.   This action was to recover for injuries caused
by the death of the plaintiff's intestate.   The jury found a verdict
for the defendant, whereupon the plaintiff moved to set aside the ver-
dict and grant a new trial, which motion was granted, and from the
order entered thereon the defendant appeals.   The order recites that
the motion was granted on the ground that the verdict was contrary
to the evidence, against the weight of evidence, and contrary to law.

The deceased was about six years of age, and attended the kinder-
garten school.   On the 8th of June, 1904, the deceased's mother took
her across the street and left her there with some other children play-
ing in a kitchen.   The deceased was in the habit of going into the street
alone, but had been instructed by her mother to be careful when cross-
ing the street, and to stop if she saw a car approaching.   As to the
accident a witness testified:   That he was in Cannon street, and saw
a car coming very fast, a closed car with two horses.   That as the
car passed him he heard people holler, "Hey, stop!"   That when he
first saw the driver he was standing on the car, and the witness did
not know what he was directing his attention to, but he was looking
straight ahead.   He then said that his head was turned to the right
side or the left side.   That when he heard the people holler he stopped
and looked around, and saw a little girl coming off the sidewalk.   That
as soon as she came off the sidewalk some one was hollering for the
horses to stop.   She stopped in a kind of a fright.   "All of a sudden
the car came down, and he started to pull the horses backwards, and
he did.   As soon as he pulled the horses backward, one horse went out

of the way, out of the tracks, and throwed the little girl away towards this way, and the little girl was struck by the car." It thus appeared that the child stopped before going on the track; that when the driver was endeavoring to stop the car the horses left the track and struck the child, when she fell and rolled under the car. The car stopped immediately, showing that it was under control. This witness subsequently testified that the horses were jogging along, the car going at the speed that horse cars usually go. It was the duty of the driver, when the child started to cross the track, to stop the car to avoid a collision. This the driver attempted to do. To stop the car he had to put on the brake, and there was nothing to show that he did not do all that a person could have done under the circumstances. There was no evidence offered by the defendant; the question being submitted to the jury upon the plaintiff's evidence.

This was not a case in which there was conflicting evidence, where the trial judge had the advantage of seeing the witnesses testify and observing the manner in which they gave their testimony; but here upon a conceded state of facts the question as to the negligence of the defendant was presented. I do not think there was evidence to sustain a finding that the defendant was negligent. There is nothing in relation to the speed of the car that justified a finding of negligence. The fact that the driver of the car was seen looking away from the track in front of the car was not negligence. The driver has to watch for passengers and approaching vehicles, so as to avoid collision, as well as to watch the track immediately in front of the car, and there is nothing to show that this driver was not attending to his business and had full control of the car. But there is nothing to connect this accident with the driver's looking the other way. If he had been looking at the child and saw it approaching, he could have done no more than he did; i. e., at once try to stop the car. The driver does not appear to have been responsible for the fact that a horse shied off the track. This would seem to be one of the accidents which are not caused by the negligence of the driver, and for which the defendant cannot be said to be responsible. If, however, there was evidence which justified the court in submitting the question of defendant's negligence to the jury, they were certainly justified in finding that the accident was not caused by the defendant's negligence, and the court was not justified in substituting its judgment for that of the jury.

There was no error in the charge as to contributory negligence. It is the settled rule in this state that a child of tender years is not required to exercise the same degree of care and prudence in the presence of danger which is expected and required of an adult under like circumstances; but he is required to exercise such care and prudence as is commensurate with one of his age and intelligence. Serano v. N. Y. C. & H. R. R. Co., 188 N. Y. 156, 80 N. E. 1025; Costello v. Third Ave. R. R. Co., 161 N. Y. 317, 55 N. E. 897.

I think, therefore, it was error for the court to set aside the verdict and grant a new trial. The order appealed from should be reversed, and the verdict of the jury be reinstated, with costs.

CLARKE, SCOTT, and LAMBERT, JJ., concur.

LAUGHLIN, J. (dissenting). The learned justice submitted it to the jury to determine, as a question of fact, whether or not the decedent, who was just under six years of age, was sui juris, and instructed the jury that, if they should find that she was non sui juris, they were to consider, in determining the question of contributory negligence, both her own conduct and that of her parent or guardian. In other words, the jury were instructed that, even if the child was non sui juris, she was still bound to exercise that degree of care for her own safety that a child of her own age and intelligence, and of ordinary prudence for one of such age and intelligence, would have exercised—the phrases "sui juris" and "non sui juris" being used to mean, respectively, that the child was or was not of sufficient age and discretion to care for his own safety and render it prudent or not prudent to permit him to go about alone—and that, if she did not exercise that degree of care, there could be no recovery, and, furthermore, that if she did exercise that degree of care, still, if the parent or guardian was negligent in permitting her to be upon the public street unattended, there could be no recovery.

While much confusion has been introduced by the consideration of the question of "sui juris" and "non sui juris" in the administration of the law relating to actions for negligence, yet I understand it to be still the well-settled rule of law that on the question of contributory negligence only the negligence of one party is to be ultimately considered. If the circumstances are such as to justify the court in deciding the question of the competency or incompetency of the child to care for himself when upon the public streets as matter of law, then accordingly as that question is decided the question of the contributory negligence of the child or of the parent or guardian is to be submitted to the jury, but not both. When the question as to whether the child was of sufficient age and discretion to be permitted to be upon the public streets unattended is to be submitted to the jury as a question of fact, then the jury should be instructed that, if they find that the child was sui juris (that is, possessed of sufficient age and intelligence to be permitted to go about alone in the vicinity where he received the injury), the question of contributory negligence depends upon the conduct of the child, and is to be determined by applying to him the standard of ordinary prudence on the part of a child of the same age, with like intelligence; but, if it be determined by the jury that the child was non sui juris (that is, he did not possess sufficient age and discretion to be permitted to go about alone), then the question of contributory negligence depends upon the conduct of the parent or guardian in looking after the custody of the child. The Court of Appeals, in Serano v. N. Y. C. & H. R. R. Co., 188 N. Y. 156, 165, 80 N. E. 1025, cited by Mr. Justice Ingraham in the prevailing opinion, recently stated the rule to be that:

"A child of tender years is not required to exercise the same degree of care and prudence in the presence of danger which is expected and required of an adult under like circumstances, but she is required to exercise such care and prudence as is commensurate with one of her own age and intelligence."

I do not understand that this was the announcement of any new doctrine. It has long been the rule that a child who is of sufficient age

and intelligence to warrant his parent or guardian in permitting him to go about the public streets unattended is not required to use the same degree of intelligence in protecting himself from danger as an adult. The Court of Appeals, in the Serano Case, has not decided, as I understand the decision, that the jury may consider, on the question of, contributory negligence, both the conduct of the parent and the conduct of the child, or, in other words, that a child not of sufficient age or discretion to be permitted to be upon the public streets alone is still required to exercise care and discretion, and, if he does, may be deprived of recovering because his parent or guardian did not keep him from the place where he met with the injuries while exercising proper care, according to his age and discretion, for his own safety. If that be the interpretation of this decision, it follows that the jury must in all cases consider the conduct of a child, even though its age is to be reckoned in hours or days, instead of months or years; and a babe in arms is to be precluded from recovering if at the critical time he makes a move which, in the opinion of the jury, a child of ordinary prudence of his age would not have made, even though the mother or nurse was free from negligence.

The Court of Appeals, in Neun v. Rochester Railway Co., 165 N. Y. 146, 58 N. E. 876, unanimously expressly approved a charge as a sound rule of law that, if an infant be non sui juris, he cannot be charged with personal negligence. The same rule was announced by that court in Mangam v. Brooklyn R. R. Co., 38 N. Y. 455, 98 Am. Dec. 66, and in McGarry v. Loomis, 63 N. Y. 105, 20 Am. Rep. 510. In Lafferty v. Third Ave. R. R. Co., 85 App. Div. 592, 83 N. Y. Supp. 405, this court sustained a very clear charge of the trial court to the same effect, and the decision was affirmed by the Court of Appeals. 176 N. Y. 594, 68 N. E. 1118. I shall therefore adhere to my views expressed in Lafferty v. Third Ave. R. R. Co., supra, until the Court of Appeals overrules its former decisions or expressly decides the question otherwise.

The court, having thus erroneously instructed the jury on the question of contributory negligence, properly granted plaintiff's motion for a new trial.