We do not find in this record any act of the defendant inconsistent with innocence. If a person never theretofore convicted of a crime had been convicted on the evidence in this record, it would shock the sense of justice of the average man. A former offender may not be convicted upon evidence insufficient to sustain a conviction of a person charged with a first offense. I advise reversal.

Judgment of the County Court of Kings county reversed, and a new trial ordered. All concur, except BURR, J., who dissents.

---

(86 Misc. Rep. 490)

### KIELEY v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Trial Term, Montgomery County. July, 1914.)

1. NEGLIGENCE (§ 136*)—CHILD PLAYING IN STREET—CONTRIBUTORY NEGLIGENCE OF PARENT.

It is not negligence as a matter of law for a parent to permit a child non sui juris to be unattended in a public street.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

2. NEGLIGENCE (§ 89*)—KILLING OF CHILD—CONTRIBUTORY NEGLIGENCE OF PARENT.

Where a three year old child, who was permitted by his mother to go unattended, except by a four year old companion, and to play in the neighborhood of a railroad crossing at which there had never been a watchman and near which the parents had lived for several years, was struck by a train while crossing the track, the mother's negligence precluded recovery against the railroad company.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 130–137; Dec. Dig. § 89.*]

Action by Timothy Kieley, as administrator, etc., against the New York Central & Hudson River Railroad Company. Motion to set aside verdict for plaintiff and for a new trial. Granted.

Homer J. Brost, of Schenectady (Andrew J. Nellis, of Albany, of counsel), for plaintiff.

Kernan & Kernan, of Utica (Daniel E. Meegan, of Utica, of counsel), for defendant.

VAN KIRK, J. This case has been tried and a jury has rendered a verdict for the plaintiff. This is a motion to set aside a verdict and for a new trial. The little son of Timothy Kieley was killed on the tracks of the defendant, where they crossed Church street in the city of Amsterdam. The accident occurred between 11 and 12 o'clock in forenoon on a bright day. The deceased was a little over three years old. His father had gone to work, leaving the little one in charge of the mother. About 11 o'clock a little girl about four years old called and asked that the boy might go out and play with her. The mother at first did not wish her child to go, but, when the child cried, she consented, put on his coat and let him go out. He did not go out to meet his father or upon any errand, but to play. The mother had before told the boy this crossing was a dangerous place to go; she did not

warn him that morning, but had other mornings. The home of the deceased was the second house from the railroad crossing, a distance of from 50 to 75 feet. The two children went out, crossed the railroad track and went some distance beyond. Mrs. Sweeney, the mother of the little girl, was coming from a store on a side street. As she came to Church street, she saw the children running toward the railroad track and also saw the engine with one or two cars attached approaching the crossing. There was an open view and a straight track for about 1,300 feet. She called to the children to stop, but apparently they did not hear her until her daughter had gotten nearly to the track, when the daughter stopped. The little boy ran on, was struck and killed.

The question here is whether or not the parents of the deceased were guilty of contributory negligence. As stated in Weil v. Dry Dock, E. B. & B. R. Co., 119 N. Y. 152, 23 N. E. 488:

"The plaintiff is entitled to the most favorable inference deducible from the evidence, and all contested questions of fact are to be deemed established in her favor, and when, from the facts and circumstances shown, inferences are to be drawn which are not certain and incontrovertible, the question becomes one of fact. The plaintiff's parents were bound to protect her from danger so far as that could be done by the exercise of reasonable prudence and care. The law did not require the father to suspend his business and to keep the child every moment under his eye. He was required only to exercise such a degree of care as was reasonable in his situation and under all the circumstances of the case."

[1] It is the settled law of this state that it is not negligence as a matter of law for a parent to permit a child, which is non sui juris, to be in a public street unattended. Albert v. Albany R. Co., 5 App. Div. 544, 39 N. Y. Supp. 430, affirmed 154 N. Y. 780, 49 N. E. 1093; Birkett v. Knickerbocker Ice Co., 110 N. Y. 504, 507, 18 N. E. 108; Huerzeler v. Central Crosstown R. R. Co., 139 N. Y. 493, 34 N. E. 1101. And, while in the public street, the fact that it plays in the street is not contributory negligence which will defeat a recovery. McGarry v. Loomis, 63 N. Y. 104, 108, 20 Am. Rep. 510. Each such case is for the jury. The highest prudence would require that the child be attended. Ordinary prudence does not. Hundreds of children play in city streets without injury.

[2] To sustain a finding of contributory negligence in this case two facts must appear: (1) That the child has done or omitted to do something which, in the case of an adult person, would be regarded as negligence; (2) if it has, that the parent was negligent. McGarry v. Loomis, supra; Huerzeler v. Central Crosstown R. R. Co., supra. The evidence in this case, particularly that of Mrs. Sweeney, requires the court to hold that, if the deceased had been an adult person, he would have been negligent; he would have known of the crossing, and by using ordinary care would have seen, as Mrs. Sweeney did, the engine approaching the crossing. An adult person could not have heedlessly run in front of the approaching engine without being charged with negligence. So the only question here is, were the parents negligent? The father was not negligent; he went to his work, leaving the child in the care of the mother. The mother knew of the railroad crossing, at grade, within some 50 or 75 feet from her home. The track led from the main line to certain mills, and on it trains did not run regularly, but

passed the crossing at irregular, unannounced times daily. She knew it was dangerous to permit her little, irresponsible boy to be at this crossing where a train might pass at any time. A steam engine cannot be under control as can a street car, an automobile, or a team; and the driver's (engineer's) means of avoiding an accident on a steam road, when a person comes suddenly upon the track, is by proper signals and regulation of speed and not by stopping. The rule stated in the many cases cited by plaintiff, applicable to one driving in a vehicle on a street, does not apply to an engineer of a steam engine. An engineer, when he sees a person on the track, has a right to presume that that person will step off as the train approaches. If, however, he sees a little child upon the track, or that a person is in some way caught upon the track, in time to stop his train, it is his duty to stop it. Spooner v. Delaware, L. & W. R. R. Co., 115 N. Y. 22, 21 N. E. 696. But it is not his duty to have his engine, nor is it possible for him to have his engine, under such control that he can stop it, if one suddenly comes upon the track in front of the engine. Signals would mean nothing to this little boy and his girl companion of four years. It must be concluded that all adults know these things. The grade crossing was a dangerous place for young children, much more so than the ordinary street having upon it the ordinary vehicles, including street cars. There had never been any watchman at this crossing. It was not unlawful for the defendant to run its engine over this crossing. The mother had lived near this crossing for a number of years and knew the conditions. She had warned her little son that it was a dangerous place to go. I am reluctant to hold that the mother was negligent, but the court must decide the case as it is. Of course the mother would not willingly allow her child to be hurt; he had been out before and had not been hurt; she did not believe he would be now. But she let him go unattended to play in the street in the immediate neighborhood of this crossing, which she knew was a dangerous place. I am unable to find any case in which, under such circumstances, a recovery has been allowed. In the McGarry Case the child fell into a pool of hot water which was in or adjacent to the sidewalk by the wrongful act of the defendant. This constituted—

"an obstruction to free passage upon the sidewalk, which the parents were not required to anticipate or guard against. * * * It does not appear that the parents knew of the existing condition."

In the Huerzeler Case the infant was killed on defendant's track by negligence of the driver on the street car. In Martineau v. Rochester R. Co., 81 Hun, 264, 30 N. Y. Supp. 778, a daughter five years old was allowed to go with her younger sister to meet the father, who was coming. The mother looked, saw no car, and allowed them to run across the street to meet the father. There was nothing in the street except the street car to harm the children.

I think the motion must be granted. Hartfield v. Roper, 21 Wend. 615, 34 Am. Dec. 273, is a leading case, often cited. A little child was unattended, sitting in the public highway in a track beaten in the snow. In Flynn v. Hatton, 43 How. Prac. 333, a child was allowed to go out on a piazza from the fourth story of a tenement house; there was a

railing around this piazza extending up three or four feet from the floor. The parents were aware of the dangerous condition here, due to the rottenness of the railing. Unknown to the mother the child went out on this piazza, leaned against the railing and fell. In Albert v. Albany Ry. Co., 5 App. Div. 544, 39 N. Y. Supp. 430, the infant was three years and four months old at the time of her death; she was sent with her sister, five years old, to a shoe store, to reach which the children must cross a street railway. They crossed safely, but, on returning, the eldest child going first, the little child was killed. See, also, Juskowitz v. Dry Dock, E. B. & B. R. R. Co., 25 Misc. Rep. 64, 53 N. Y. Supp. 992; Canavan v. Stuyvesant, 12 Misc. Rep. 74, 33 N. Y. Supp. 53; Manion v. Richmond Ice Co., 133 App. Div. 254, 117 N. Y. Supp. 353.

I do not grant this motion upon the ground that it is against the weight of evidence, but on the ground that the complaint should have been dismissed by the court at the close of the evidence.

Motion granted.