MARION LAMB, by Guardian, Plaintiff, *v.* JAMES FARRELL, Defendant.

Supreme Court, Monroe County, April 25, 1925.

**Motor vehicles — injuries to pedestrian — defendant's automobile, driven in reverse, struck small child crossing street intersection in company with older brother — defendant guilty of negligence in failing to look to rear before backing as required by General Highway Traffic Law, § 13, subd. 4 — parent of child not guilty of contributory negligence in permitting child to cross street in custody of brother — verdict of nonsuit set aside.**

The verdict of a jury nonsuiting plaintiff, a small child, for injuries suffered when struck by defendant's automobile, being driven in reverse, while she was crossing a street intersection in company with an older brother, should be set aside and a new trial granted where the facts disclose that the defendant was negligent in operating his automobile in reverse without looking to see that the roadway in the rear was clear as required by subdivision 4 of section 13 of the General Highway Traffic Law.

Moreover, a finding that the child's mother was guilty of contributory negligence in permitting the child to be in the custody of an older brother, at the time of the accident, was erroneous in that it was against the weight of evidence, since it appears that her brother exercised all the care that would have been required of an adult under the same circumstances.

MOTION by the plaintiff to set aside the verdict of the jury in favor of the defendant and for a new trial upon the minutes.

*Harlan W. Rippey,* for the plaintiff.

*Doyle & Corcoran,* for the defendant.

CUNNINGHAM, J.:

The plaintiff, who is a small child, was crossing the street at the intersection of Wellington avenue and Arnett boulevard when she was struck by the automobile of the defendant which was being backed up.

Unquestionably the defendant was negligent in this case. He did not, as required by statute (General Highway Traffic Law, § 13, subd. 4), see that the way was clear behind before backing. The testimony of the defendant is to the effect that there was a machine in the rear of his car and that he backed to within one foot of the other car when he struck the plaintiff. If this had been so the witness Cooper, who picked up plaintiff, her feet extending out into the street and her head on the curb, would have found her with her feet under the wheels of the other machine. He testified that he saw no other machine.

The witness Champlin also testified that he saw no other car in the rear of defendant's automobile. These two disinterested witnesses certainly make it apparent just how the accident happened.

There was a car ahead of defendant; he started forward and found that he could not clear the car so started to back and negligently ran into the plaintiff.

The finding that the plaintiff's mother was guilty of contributory negligence is also against the weight of the evidence, for it is apparent that the older brother of the plaintiff, who had her in charge, took all the care and caution that might be demanded of an adult.

It cannot be supposed that children in the cities will be kept in the house. Children four or five years of age attend kindergarten and are continuously sent to school in charge of an older child. If parents are to be charged with negligence under such circumstances it will be a holding that most parents having young children in the schools of the city are negligent.

It seems to me that it is ridiculous for a jury to hold that the practice usually followed by parents is negligent.

Surrogate's Court, Tioga County, June, 1925.　　[Vol. 125

Prudent driving depends in each case upon the surrounding conditions and circumstances. More care is required when children are on the streets or sidewalks and drivers of motor vehicles should have this fact impressed upon them. It is my belief that if proper care were exercised by drivers ninety per cent of the accidents to children could be avoided. I am unwilling to confirm the belief now held by some drivers of automobiles that no matter how careless they may be an accident to a child will always be blamed upon the latter. The protection of small children in cities requires that carelessness of drivers of automobiles be checked and that they should be held answerable, at least in damages, for accidents to children.

As the plaintiff's brother, who was her custodian at the time, exercised all the care that would have been required of an adult, the negligence of the parents, if any, could not have contributed to the cause of the accident and will not defeat a recovery by the child. (*Smith* v. *City Realty Co.*, 79 App. Div. 441.)

The verdict of the jury is set aside and a new trial ordered.